IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL GALE,<br>　　Plaintiff,<br><br>v.<br><br>JOSEPH TERRA, *et al.*,<br>　　Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 24-CV-6422<br>:<br>:<br>: |

## ORDER

**AND NOW**, this 27th day of February 2025, upon consideration of Plaintiff Earl Gale's Motion to Proceed *In Forma Pauperis* (Doc. No. 1), Prisoner Trust Fund Account Statement (Doc. No. 2), and pro se Complaint (Doc. Nos. 3, 4), it is **ORDERED** that:

　　1.　　Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

　　2.　　Earl Gale, #CJ-5015, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Gale's inmate account; or (b) the average monthly balance in Gale's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Gale's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Gale's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. Gale's official capacity claims for money damages,

   b. Gale's claims based on violations of the PREA,

   c. Gale's individual capacity claims premised on the handling of his grievances and PREA complaint,

   d. Gale's constitutional claims to the extent they are premised on violations of DOC policy,

   e. Gale's Fourteenth Amendment Equal Protection Clause and stand-alone due process claims, and

   f. Gale's Title VII claims.

6. The Clerk of Court is **DIRECTED** to terminate Lieutenant Patterson, Jolene Sokelski, John Muick, Stephen Petersheim, and D. Varner as Defendants.

7. For the reasons stated in the Court's Memorandum, Gale's claims for supervisory liability against Defendants Terra and Sipple, and his Eighth Amendment claim against Defendant Sipple, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8. The Court contemporaneously grants Gale's request for appointment of counsel and **STAYS** the case.  Accordingly, the Court will provide additional instruction on amending

the Complaint after the case is removed from the Panel.  Gale should not file an amended complaint until after receiving additional instruction from the Court.

9.     The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                        **BY THE COURT:**


                                        /s/ Karen Spencer Marston
                                        **KAREN SPENCER MARSTON, J.**