IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL GALE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6422 |
| | : | |
| JOSEPH TERRA, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

**MARSTON, J.**                                                                                                                                                               September 19, 2025

Pro se Plaintiff Earl Gale, a male prisoner at SCI Phoenix, brings this civil rights action against the Pennsylvania Department of Corrections (the "DOC")[1] and nine DOC employees.[2] (*See* Doc. Nos. 3, 7.) In a prior Memorandum and Order, this Court dismissed many of Gale's claims, including all claims against four of the individual Defendants. *See Gale v. Terra*, No. 24-6422, 2025 WL 662806, at *11 (E.D. Pa. Feb. 27, 2025).[3] Three categories of claims were, however, determined to be plausible and thus, were allowed to proceed to service: (1) Gale's

---

[1] Although Gale lists the DOC in the caption of his Amended Complaint, he does not name the Department as a party in the body of the document. (Doc. No. 13 at 1–4.)

[2] The individually named Defendants are Superintendent Joseph Terra; Corrections Officer Sincere Weekely; Prison Rape Elimination Act ("PREA") Lieutenant Kysherald Patterson; PREA Supervisor Jolene Sokelski; Correctional Classification Program Manager/PREA Manager John Muick; PREA Coordinator/Bureau of Standards Stephen Petersheim; Chief Grievance Officer D. Varner (no first name provided); Chaplaincy Director Reverend Refael Torres; and Religious Services Administrator/Department of Treatment Services Reverend Ulli Klemm. (Doc. No. 13 at ¶¶ 4–12.) Each individual Defendant is named in both their individual and official capacities. (*Id*.)

[3] The Court dismissed with prejudice Gale's official capacity claims for monetary damages, claims based on alleged violations of the Prison Rape Elimination Act ("PREA"), individual capacity claims premised on the handling of Gale's grievances and PREA complaint, constitutional claims based on alleged violations of DOC policies, Fourteenth Amendment Equal Protection Clause and stand-alone due process claims, and Title VII claims. *Gale*, 2025 WL 662806, at *11. This resulted in dismissal with prejudice of all claims asserted against Defendants Patterson, Sokelski, Muick, and Petersheim. *Id.* at *11 n.10 (mistakenly stating dismissal also as to Defendant Varner). The Court dismissed without prejudice Gale's supervisory liability claims against Defendants Terra and Sipple, and his Eighth Amendment deliberate indifference claim against Defendant Sipple. *Id.*

Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims seeking injunctive relief against Defendants Terra, Varner, Torres and Klemm in their official capacities; (2) his First and Fourteenth Amendment free exercise claims against Defendants Torres and Klemm; and (3) his Fourth and Fourteenth Amendment privacy claims against Defendant Weekely. *Id.* The Court granted Gale's Motion for Appointment of Counsel and stayed the case pending the appointment of a volunteer attorney from the Prisoner Civil Rights panel of the Eastern District of Pennsylvania. (Doc. Nos. 8, 9.)

When no panel attorney chose to accept the case, the Court lifted the stay and gave Gale the option to either file an amended complaint as to the claims dismissed without prejudice or stand on his Complaint and proceed on the three claims noted above. (*See* Doc. No. 10 ¶¶ 6–7.) The Court specifically instructed Gale that if he elected to amend his Complaint, he "may not assert a claim that has already been dismissed with prejudice." (*Id.* ¶ 4.) In other words, the scope of any amendment was limited to the claims the Court dismissed without prejudice—Gale's supervisory liability claims against Terra and Sipple and his Eighth Amendment deliberate indifference claim against Sipple. (*Id.*)

Gale filed an Amended Complaint on July 24, 2025. (Doc. No. 13.) The Amended Complaint is in many respects identical to the initial Complaint. Notably, Gale has not added any material factual allegations, and he includes many claims and Defendants which were previously dismissed with prejudice. Accordingly, the Court finds that the three categories of claims found plausible in the original Complaint and reasserted in the Amended Complaint may proceed to service, while the remaining claims and Defendants are dismissed with prejudice.

**I.     LEGAL STANDARD**

Because Gale is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  So, the Court must determine whether Gale's Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Conclusory allegations do not suffice.  *Id.*  However, because Gale is proceeding pro se, we liberally construe the allegations in his Amended Complaint.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

**II.    ANALYSIS[4]**

Gale asserts claims against the named Defendants under the PREA; the RLUIPA; and 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

    **A.     Claims Previously Dismissed with Prejudice**

The Court previously advised Gale that if he chose to amend his complaint, he "may not assert a claim that has already been dismissed with prejudice."  (Doc. No. 10 ¶ 4.)  Notwithstanding this clear direction, the Amended Complaint reasserts many of the claims that the Court previously dismissed with prejudice, including claims against the DOC, official capacity claims seeking monetary damages against Commonwealth employees, claims based on

---

[4] Because the factual allegations in the Amended Complaint are materially the same as those included in Gale's original Complaint, and the Court's prior Memorandum provides a thorough discussion of those facts, *see Gale*, 2025 WL 662806, at *1–3, the Court does not restate those facts here.

violations of the PREA, claims based on DOC policies, and claims based on a failure to investigate grievances and PREA complaints.  With one exception, the Court does not reconsider those claims here, and they are dismissed with prejudice for the reasons cited in the Court's prior Memorandum.  *See generally*, *Gale*, 2025 WL 662806.

The Court will, however, briefly address Gale's attempt to repackage Defendants' failure to investigate his grievances and PREA complaint as a "class of one" equal protection claim.  In a class-of-one claim, a plaintiff need not allege discrimination based on membership in a protected class.  *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 601 (2008).  Instead, the plaintiff may allege that he has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  To state a plausible claim, a plaintiff must allege facts to show that other individuals were similarly situated "in all relevant respects."  *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordinger v. Hahn*, 505 U.S. 1, 10 (1992)).  Conclusory allegations that individuals are similarly situated and received differential treatment are not sufficient to state a plausible claim.  *Margetta v. Ferguson*, No. 17-0037, 2018 WL 1430936, at *3 (M.D. Pa. Mar. 22, 2018) ("When alleging the existence of similarly situated individuals, plaintiff cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief, and bald assertion[s] that other[s] . . . were treated in a dissimilar manner will not survive dismissal." (quotation marks omitted)).

Gale's equal protection allegations are not plausible.  He alleges that Defendants Terra, Patterson, Sokelski, Muick, Petersheim, Torres, Varner, and Klemm violated his Fourteenth Amendment equal protection rights by refusing to fully investigate his grievances and PREA

complaint, while affording different treatment to other inmates. (Doc. No. 13 at ¶¶ 84–91). As noted above, the Court previously dismissed with prejudice Gale's constitutional claims to the extent they were based on the same conduct. *Gale*, 2025 WL 662806, at *7 (explaining that claims based on the handling of grievances are not plausible because "prisoners do not have a constitutional right to prison grievance procedures" and therefore "allegations . . . predicated on failures of the grievance process or improper handling of or response to grievances, do not give rise to a constitutional claim" (quoting *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021)). Although Gale has framed the same facts under a new constitutional legal theory, the gravamen of Gale's claims remains that his grievances and PREA complaint were improperly handled, which is insufficient for purposes of § 1983. *See id.*

Even if Gale could assert an equal protection claim based on a failure to investigate, his claims of unequal treatment nonetheless fail because they are wholly conclusory. Gale asserts that he has a "right[ ] to be treated the same as other inmates such as Tyler Heagy #MW-8826 and Andy Powell #QJ-2786 with the same policies, regulations, customs, and practices." (Doc. No. 13 at ¶ 84.) Gale does not, however, explain how Heagy, Powell, or any other inmate was similarly situated "in all relevant respects," nor does he describe how their treatment differed from his. *See Startzell*, 533 F.3d at 203; *Margetta*, 2018 WL 1430936, at *3. He claims that Defendants "intentionally discriminat[ed] against [him] in denying an investigation of DOC and PREA policies [compared to] other inmates that are similarly situated" (Doc. No. 13 at ¶ 84), but this kind of wholly conclusory statement is insufficient to allege an equal protection claim. *See Margetta*, 2018 WL 1430936, at *3. Gale's assertion that Defendants' actions were "irrational and wholly arbitrary" (*see, e.g.*, Doc. No. 13 at ¶ 85) is similarly conclusory and fails to plausibly allege that Defendants' handling of his grievances and PREA complaint lacked a

rational basis. *See Flores v. Sanders*, No. 21-145, 2022 WL 1044892, at *2 (E.D. Tex. Apr. 6, 2022) (dismissing class-of-one claim where "Plaintiff's allegations concerning arbitrary and capricious treatment are wholly conclusory and therefore insufficient to show an equal protection violation"); *Eads v. Prudential Ins. Co. of Am.*, No. 13-1209, 2014 WL 3405951, at *4 (S.D. Ind. July 11, 2014) ("Plaintiff's proposed claims do allege that Defendants' actions were "arbitrary and capricious" and "without a rational basis," but these conclusory characterizations of Defendants' alleged actions are not further supported by factual allegations, which [ ] is not sufficient after the Supreme Court's decision in *Iqbal*." (internal citations omitted); *cf. Assoko v. City of New York*, 539 F. Supp. 2d 728, 736 (S.D.N.Y. 2008) (dismissing class-of-one claim because "Plaintiffs have not alleged, even in conclusory terms, that there was no rational basis for any difference in treatment in enforcing housing regulations").

Accordingly, the Court dismisses Gale's class-of-one equal protection claim because it is not plausible. The dismissal is with prejudice because it is an apparent attempt to relabel claims that were previously dismissed with prejudice. *See Wiley v. McMahon*, Civil Action No. 2:23-cv-1175, 2024 WL 168271, at *1 (W.D. Pa. Jan. 16, 2024) (holding that amendment is futile where "it merely restates the same facts as the [prior pleadings] in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss") (citations omitted).

### 2. Claims Dismissed without Prejudice

In addition to the claims dismissed with prejudice, the Court previously dismissed without prejudice Gale's supervisory liability claims against Terra and Sipple, and his Eighth Amendment deliberate indifference claim against Sipple. *Gale*, 2025 WL 662806, at *11. Gale does not identify Sipple as a Defendant in his Amended Complaint, and therefore, has abandoned

any claims against Sipple. Gale does, however, bring claims against Terra, alleging that Terra "was aware" of his grievances and PREA complaint and despite being the "head administrator of [SCI Phoenix]," failed to protect his rights and resolve his concerns. (Doc. No. 13 at ¶ 84.)[5]

As the Court previously explained, liability under § 1983 cannot be predicated on respondeat superior. *Gale*, 2025 WL 662806, at *6 (citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022)). Instead, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Chavarriaga*, 806 F.3d at 227. Gale fails to allege facts against Terra to support either theory of liability.

---

[5] It is difficult to discern the nature of Gale's current claims against Terra because his contentions combine theories of supervisory liability, Fourteenth Amendment class-of-one standards, and Eighth Amendment deliberate indifference jurisprudence: "It is evidence that the head administrator of this facility has shown deliberate indifference towards plaintiffs Fourteenth Amendment Equal Protection [C]lause as a 'Class Of One' theory and a state created liberty interest of similarly situated, and Eighth Amendment Cruel and Unusual Punishment (deliberate ind[i]fference)." (Doc. No. 13 at ¶ 84.) In this section, the Court focuses on whether Gale has sufficiently stated a claim for supervisory liability against Terra, as that was the extent to which the Court allowed amendment of the claims against Terra. *See Gale*, 2025 WL 662806, at *6–7. In any event, assuming Gale means to bring an Equal Protection Clause claim against Terra, it fails for the reasons discussed in the previous section. Any Eighth Amendment claim likewise fails because Gale has not provided any factual basis for the Court to find an Eighth Amendment violation as against any Defendant, let alone Terra. *See id.* at *10 (explaining what Gale needed to allege to state an Eighth Amendment claim).

Once again, Gale fails to allege that Terra introduced or maintained a policy that caused him constitutional injury.  Gale also has not alleged that Terra was personally involved in the underlying violation of his First Amendment free exercise or Fourth Amendment privacy rights.  Instead, Terra's only role in the allegedly unconstitutional conduct was as the "head administrator" of SCI Phoenix and his awareness of Gale's grievances and PREA complaint, neither of which gives rise to supervisory liability.  *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) ("[A] director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)); *see also Hartmann v. Carroll*, 929 F. Supp. 2d 321, 327 (D. Del. 2013) (noting that "the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement, and participation in the after-the-fact review of a grievance is not enough to establish personal involvement.") *aff'd*, 582 F. App'x 111 (3d Cir. 2014) (citations omitted); *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews.").  Because Gale again fails to allege any basis for supervisory liability against Terra, the constitutional claims against him are not plausible and are dismissed.  Because Gale was previously given an opportunity to cure this defect in his pleading and failed to do so, dismissal is with prejudice.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

### III.     CONCLUSION

For the reasons discussed above, the Court dismisses the Amended Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Three categories of Gale's claims will proceed past statutory screening: (1) his RLUIPA claims seeking injunctive relief against Defendants Terra, Varner, Torres, and Klemm in their official capacities; (2) his First and Fourteenth Amendment free exercise claims against Defendants Torres and Klemm; and (3) his Fourth and Fourteenth Amendment strip search claims against Defendant Weekely.[6]  The remaining claims and Defendants are dismissed with prejudice because the Court previously dismissed them with prejudice and/or further attempts at amendment would be futile.  An appropriate Order follows, which directs service of the claims passing statutory screening.

---

[6] Because the First Amendment claims against Torres and Klemm, and the Fourth Amendment claim against Weekely survive statutory screening, Gale's Fourteenth Amendment due process claims on the same grounds will also proceed to service for the reasons explained in the Court's prior Memorandum.  *See Gale*, 2025 WL 662806, at *11.