IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL GALE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6422 |
| | : | |
| JOSEPH TERRA, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 19th day of September, 2025, upon consideration of Plaintiff Earl Gale's Amended Complaint (Doc. No. 13), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **CORRECT** the docket to indicate that D. Varner has not been terminated as a Defendant in this case.

2. For the reasons stated in the Court's Memorandum, the following categories of claims shall proceed past statutory screening:

    a. The Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims seeking injunctive relief against Defendants Terra, Varner, Torres, and Klemm in their official capacities;

    b. The First Amendment free exercise claims against Defendants Torres and Klemm; and

    c. The Fourth and Fourteenth Amendment privacy claims against Defendant Weekely.

3. The remaining claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

4. The Clerk of Court is **DIRECTED** to **TERMINATE** Pennsylvania Department of Corrections, Kysherald Patterson, and Mandy Sipple as Defendants in this case.

5. Pursuant to Federal Rule of Civil Procedure 4(d) and the **MEMORANDUM OF UNDERSTANDING ("MOU")** between the Court and the Pennsylvania Department of Corrections ("DOC"), the Clerk of Court is specially **APPOINTED** to request waiver of service by **SENDING (i)** the Amended Complaint (Doc. No. 13), **(ii)** this Order, and **(iii)** the attached **Acceptance of Service Form(s)**, to the DOC Location(s) specified on the Acceptance of Service Form(s) for the following Defendant(s):

   a. Joseph Terra, Superintendent – SCI Phoenix

   b. Sincere Weekley, Correctional Officer – SCI Phoenix

   c. D. Varner, Chief Grievance Officer, Pennsylvania DOC

   d. Reverend Rafael Torres, Chaplancy Director – SCI Phoenix

   e. Reverend Ulli Klemm, Religious Services Administrator - Division of Treatment Services

6. The Clerk of Court is **DIRECTED** to also attach the operative pleading in this case, Gale's Amended Complaint (Doc. No. 13), as an attachment to this Order.

7. Pursuant to the MOU, the DOC (or counsel acting on its behalf), or a Contractor Defendant (or counsel acting on its behalf), may file the completed Acceptance of Service Form through the Court's Case Management/Electronic Case Files ("CM/ECF") System within forty-five (45) days from the date of this Order.

8. As to any Defendant for whom service is waived pursuant to Federal Rule of Procedure 4(d) and the MOU, a response to the Complaint must be filed within sixty (60) days of the date of this Order.

2

9. If no completed Acceptance of Service Form is filed within forty-five (45) days of the date of this Order, or if waiver of service pursuant to Federal Rule of Civil Procedure 4(d) and the MOU is declined as to any Defendant(s), the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), as to the relevant Defendant(s).

10. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

11. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

12. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

13. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Gale is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

14. Once discovery is permitted, Gale should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local

Rule 26.1(f), Gale shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

15. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

16. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

17. Gale may file a motion for voluntary dismissal of this case at any time if he decides not to pursue it. In making this decision, Gale should consider the statute of limitations.

**BY THE COURT:**

/s/ Karen Spencer Marston, J.
**KAREN SPENCER MARSTON, J.**